Sarah Elizabeth Spencer, #11141
    Sarah.Spencer@chrisjen.com
Matthew K. Strout, #16732
    Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah  84111-2047
Telephone:  (801) 323-5000
Facsimile:  (801) 355-3472
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF UTAH, SOUTHERN REGION**

| | |
|---|---|
| WESTERN AGRICULTURAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NEW VISION LANDSCAPING, INC.<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><br>Case No: 4:21-cv-00075-DN<br><br>Judge: David Nuffer |

Plaintiff, Western Agricultural Insurance Company ("Western Agricultural"), by and through its undersigned counsel, brings this Declaratory Action pursuant to 28 U.S.C. § 1332 and Utah Code § 78B-6-401, *et seq.* Western Agricultural seeks a judicial determination of the respective rights of the parties under the Western Agricultural Commercial General Liability policy and the AgMax Property policy held by Defendant New Vision Landscaping.

**PARTIES**

1.      Plaintiff Western Agricultural is an Iowa corporation with its principal place of business in West Des Moines, Iowa.  Western Agricultural is licensed and authorized to provide insurance products to Utah residents.

2. Defendant New Vision Landscaping, Inc. is a Utah corporation with its principal place of business in Richfield, Utah. At the times relevant to this Complaint, New Vision Landscaping held Commercial General Liability and AgMax Property policies issued by Western Agricultural.

3. The parties to this action are the proper parties under Utah Code § 78B-6-403(1).

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states: Plaintiff Western Agricultural is a citizen of Iowa, and Defendant New Vision Landscaping is a citizen of Utah. Additionally, the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. The Court has personal jurisdiction over New Vision Landscaping because it is a Utah corporation with its principal place of business in Sevier County, Utah.

6. Venue is proper in this district under 28 U.S.C § 1391(b)(1) because New Vision Landscaping has its principal place of business in Sevier County, Utah. New Vision Landscaping therefore resides in the District of Utah for venue purposes. *See* 28 U.S.C § 1391(c)(2)

## GENERAL ALLEGATIONS

**The Goshen Fire**

7. On July 13, 2020, a wildfire started in Goshen, Utah. Firefighting units from the United States Forest Service and the United States Bureau of Land Management ("BLM"), as well as the Goshen Fire Department, responded to the fire. The fire, which is herein referred to as the Goshen Fire, burned 215 acres of land before it was extinguished.

8. No firefighters or other government personnel suffered any bodily injuries or property damage from the Goshen Fire. Likewise, no firefighting equipment or other government property was damaged.

9. The Forest Service, BLM, and the State of Utah (collectively, "Government Entities") made claims to Western Agricultural for their services and expenses in fighting the Goshen Fire. The Government Entities contend that a New Vision Landscaping employee accidently started the fire with a lit cigarette while searching for a water spicket in a patch of dry grass.

10. The State of Utah and the Forest Service claim $115,000 and $750,000 in firefighting services and expenses, respectively. The amount of the BLM's claim is pending.

11. The firefighting services and expenses claimed by the Government Entities are not covered under any Western Agricultural insurance policy held by New Vision Landscaping.

**New Vision Landscaping's Commercial General Liability Policy**

12. At the time of the Goshen Fire, New Vision Landscaping held a Commercial General Liability ("CGL") policy and a Commercial Package Policy – AgMax Property ("AgMax Property Policy") issued by Western Agricultural. Both policies bore the policy number AMP 6007701 01.

13. The CGL policy provides coverage for bodily injury and property damage. Specifically, the policy states:

> [Western Agricultural] will pay those sums [up to the policy limit] that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [Western Agricultural] will have the right and duty to defend the insured against any 'suit' seeking those damages. However, [Western Agricultural] will have no duty to defend the

3

insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.[1]

14. The term "bodily injury" is defined by the CGL policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[2]

15. The term "property damage" is defined as "physical injury to tangible property, including all resulting loss of use of that property," as well as "loss of use of tangible property that is not physically injured."[3]

16. The Government Entities are not seeking payment for any injuries or property damage. That is because no firefighter, employee, agent, representative, volunteer, or other personnel (collectively, "personnel") of the Government Entities suffered any bodily injury, sickness, disease, or death due to the Goshen Fire. Moreover, no tangible property belonging to the Government Entities or their personnel was physically injured by the Goshen Fire. Similarly, neither the Government Entities nor their personnel suffered the loss of use of any tangible property due to the fire.

17. The claims the Government Entities made to Western Agricultural are for their firefighting service and expense charges. There is no provision in the CGL policy that affords coverage for such charges. Accordingly, Western Agricultural owes no coverage, indemnity, or defense to New Vision Landscaping with respect to those charges.

---

[1] Commercial General Liability Coverage Form, Section I (Coverage A), attached as Exhibit A.
[2] Exhibit A at Section V(3).
[3] Exhibit A at Section V(17).

**New Vision Landscaping's AgMax Property Policy**

18. At the time of the Goshen Fire, New Vision Landscaping held an AgMax Property policy issued by Western Agricultural.[4]

19. This policy provided, in pertinent part:

> [Western Agricultural] will pay [up to $25,000 of] the liability you have assumed by contract or agreement for fire department charges incurred when the fire department is called to save or protect Covered Property from a Covered Cause of Loss. But we will not pay fire department service charges if the property is located within the limits of the city, municipality or protection district furnishing the fire department response.[5]

20. The term "Covered Property" includes certain types of property such as grain, livestock, and machinery if that property is listed in the policy declarations and certain other criteria are met.[6] The only property listed in the declarations is a piece of heavy machinery; specifically, a Terex grinder.

21. The Terex grinder was not threatened by the Goshen Fire. Accordingly, the Government Entities were not "called to save or protect Covered Property." The AgMax Property policy therefore does not cover their claims for firefighting charges.

---

[4] *See generally* AgMax Property policy, attached as Exhibit B.
[5] *See* Exhibit B, Farm Property – Other Farm Provisions Form, Section A(4). *See also* Exhibit B, Other Farm Provisions Endorsement (limiting coverage for fire department service charges to $25,000 per occurrence).
[6] *See* Exhibit B, Farm Property – Farm Personal Property Coverage Form, Section I (Coverage E) (stating that "[a]ll of the following are Covered Property under Coverage E of this Coverage Form, provided a Limit of Insurance is shown in the Declarations for the specific type of property . . . ."). *See also id.* at Section I (Coverage F) (stating that "[a]ll of the following are Covered Property under Coverage F of this Coverage Form, provided a Limit of Insurance is shown in the Declarations.")

22. There is no coverage for two additional independent reasons. First, New Vision Landscaping did not assume by contract or agreement any liability to pay any fire department charges. Second, the Goshen Fire occurred within the limits of the municipality or protection district furnishing the fire department response.

23. Since the Government Entities' claims are not covered under the AgMax Property policy, or under any other policy held by New Vision Landscaping, Western Agricultural owes no coverage, indemnity, or defense to New Vision Landscaping with respect to the Government Entities' charges for firefighting services and expenses.

24. Western Agricultural made New Vision Landscaping aware of the foregoing coverage issues under the above-referenced policies in a Reservation of Rights letter dated July 12, 2021.

**FIRST CAUSE OF ACTION**
**REQUEST FOR DECLARATORY RELIEF**
**(No indemnification or duty to defend under the CGL Policy)**

25. Western Agricultural incorporates by reference the foregoing allegations as if fully set forth herein.

26. An actual dispute and controversy has arisen between Western Agricultural and New Vision Landscaping. A judicial determination is necessary and appropriate to determine the rights and duties of the parties.

27. The Government Entities made a claim to Western Agricultural under New Vision Landscaping's insurance policy for the firefighting services they provided, and the expenses they incurred, in fighting the Goshen Fire.

28. The CGL policy provides that Western Agricultural will indemnify and defend New Vision Landscaping against claims for bodily injury and/or property damage under the conditions described in the policy.[7]

29. Neither the Government Entities nor their personnel suffered any bodily injuries or property damage from the Goshen Fire, and the CGL policy does not cover firefighting service or expense charges. New Vision Landscaping is therefore not entitled to coverage, indemnification, or defense from Western Agricultural for those charges.

### SECOND CAUSE OF ACTION
### REQUEST FOR DECLARATORY RELIEF
### (No indemnification or duty to defend under the AgMax Property Policy)

30. Western Agricultural incorporates by reference the foregoing allegations as if fully set forth herein.

31. An actual dispute and controversy has arisen between Western Agricultural and New Vision Landscaping. A judicial determination is necessary and appropriate to determine the rights and duties of the parties.

32. The Government Entities made a claim to Western Agricultural under New Vision Landscaping's insurance policy for the firefighting services they provided, and the expenses they incurred, in fighting the Goshen Fire.

33. The AgMax Property policy held by New Vision Landscaping provides:

> [Western Agricultural] will pay [up to $25,000 of] the liability you have assumed by contract or agreement for fire department charges incurred when the fire department is called to save or protect Covered Property from a Covered Cause of Loss. But we will not pay fire department service charges if the property is located within

---

[7] *See* Exhibit A, Commercial General Liability Coverage Form, at Section I (Coverage A).

the limits of the city, municipality or protection district furnishing the fire department response.[8]

34. New Vision Landscaping did not assume by contract or agreement any liability for firefighting charges associated with the Goshen Fire. Additionally, the Government Entities were not "called to save or protect" any Covered Property, and the Goshen Fire occurred within the limits of the municipality or protection district furnishing the fire department response.

35. For each of the foregoing independent reasons, the Government Entities' firefighting service and expense charges are not covered under the AgMax Property policy, and New Vision Landscaping is not entitled to any coverage, indemnification, or defense from Western Agricultural for those charges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Western Agricultural Insurance Company prays for the following relief:

1. A declaration that New Vision Landscaping is not entitled to any coverage, indemnity, or defense from Western Agricultural under the Commercial General Liability policy for any firefighting charges for the Goshen Fire.

2. A declaration that New Vision Landscaping is not entitled to any coverage, indemnity, or defense from Western Agricultural under the AgMax Property policy for any firefighting charges for the Goshen Fire.

3. Western Agriculture's costs incurred herein.

---

[8] Exhibit B, Farm Property – Other Farm Provisions Form, at Section A(4). *See also* Exhibit B "Other Farm Provisions Endorsement" (limiting coverage for fire department service charges to $25,000 per occurrence).

4. All other relief that this Court deems just and proper.

DATED: July 15, 2021

                                                CHRISTENSEN & JENSEN, P.C.

/s/ Sarah E. Spencer

Sarah Elizabeth Spencer
Matthew K. Strout
*Attorneys for Plaintiff Western Agricultural Insurance Company*

**Plaintiff's Address:**
Contact through Counsel